SCOTT J. FERRELL, BAR NO. 202091
JOHN C. O'MALLEY, BAR NO. 143671
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
jomalley@calljensen.com

Attorneys for Defendant Shurgard Storage Centers, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| GEORGE S. LOUIE; KATHERINE BREND-BARNETT; JANIS McGANN; MONROE QUINN; ERE KHOM QUINNIYOM; SAENGTHONG TONGVANH; and SUSAN SILVERSTONE,<br><br>                Plaintiffs,<br><br>        vs.<br><br>SHURGARD STORAGE CENTERS, INC. and DOES 1-20, Inclusive<br><br>        Defendants. | Case No. 06-cv-05504-SBA<br>Hon. Saundra Brown Armstrong<br><br>**DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT**<br><br><br><br>Complaint Filed:   August 7, 2006<br>Trial Date:          None Set |

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 1 -
DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

Defendant Shurgard Storage Centers, LLC, successor in interest to Shurgard Storage Centers, Inc. ("Defendant") answers the Complaint of Plaintiffs George S. Louie, Katherine Brend-Barnett, Janis McGann, Monroe Quinn, Ere Khom Quinniyom, Saengthong Tongvanh, and Susan Silverstone (collectively "Plaintiffs")[1] as follows:

1. In response to Paragraph 1 of the Complaint, Defendant states that the Health & Safety Code, California Civil Code, Disabled Persons Act, Americans with Disabilities Act of 1990 ("ADA"), the Unruh Act, the California State Building Code, and the Uniform Building Code speak for themselves. Defendant admits that Shurgard Storage Centers, LLC owns and/or operates facilities in California. Defendant denies the remaining allegations of Paragraph 1.

2. In response to Paragraph 2 of the Complaint, Defendant states that the Health & Safety Code, California Civil Code, Disabled Persons Act, Americans with Disabilities Act of 1990, and the Unruh Act speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and, on that basis, denies the remaining allegations.

3. In response to Paragraph 3 of the Complaint, Defendant states that the Health & Safety Code, California Civil Code, Disabled Persons Act, Americans with Disabilities Act of 1990, and the Unruh Act speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint and, on that basis, denies the remaining allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and, on that basis, denies the allegations.

---

[1] On September 8, 2006, after the date of the filing of the Notice of Removal of this action to the District of the State of California, Northern District, Counsel for Plaintiffs George S. Louie and Janis McGann filed a Request for Dismissal without prejudice in the Alameda Superior Court of these two individual Plaintiffs.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT

5.    In response to Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and, on that basis, denies the allegations.

6.    In response to Paragraph 6 of the Complaint, Defendant states that the Health & Safety Code, California Civil Code, and the Americans with Disabilities Act of 1990 speak for themselves.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and, on that basis, denies the remaining allegations.

7.    In response to Paragraph 7 of the Complaint, Defendant states that the Health & Safety Code, Disabled Persons Act, and the Unruh Act speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and, on that basis, denies the remaining allegations.

8.    In response to Paragraph 8 of the Complaint, Defendant denies that venue of this action was proper in the Superior Court of the State of California for the County of Alameda.

9.    In response to Paragraph 9 of the Complaint, Defendant admits that it owns and/or operates self-storage facilities.

10.    In response to Paragraph 10 of the Complaint, Defendant admits that it is a limited liability entity.

11.    In response to Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, on that basis, denies the allegations.

12.    In response to Paragraph 12 of the Complaint, Defendant denies the allegations.

13.    In response to Paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, on that basis, denies the allegations.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT

14.   In response to Paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, on that basis, denies the allegations.

15.   In response to Paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, on that basis, denies the allegations.

16.   In response to Paragraph 16 of the Complaint, Defendant admits that Shurgard Storage Centers, LLC owns and/or operates facilities in California. Defendant denies the remaining allegations of Paragraph 16.

17.   In response to Paragraph 17 of the Complaint, Defendant denies the allegations.

18.   In response to Paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and, on that basis, denies the allegations.

19.   In response to Paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and, on that basis, denies the allegations.

20.   In response to Paragraph 20 of the Complaint, Defendant denies that it ignored Federal Statutes and Regulations and that it failed to act.

21.   In response to Paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that it "was each Plaintiff's intent to rent storage space and purchase goods and services offered by Defendants" or was denied full and equal access to the facilities owned and/or operated by Defendant and, on that basis, denies this allegation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

22.   In response to Paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT

Plaintiffs encountered discrimination at Defendant's facilities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

23.   In response to Paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs were denied full and equal access at Defendant's facilities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

24.   In response to Paragraph 24 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

25.   In response to Paragraph 25 of the Complaint, Defendant denies the allegations.

26.   In response to Paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that there is a future threat of discrimination at Defendant's facilities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

27.   In response to Paragraph 27 of the Complaint, Defendant denies the allegations.

28.   In response to Paragraph 28 of the Complaint, Defendant denies the allegations.

29.   In response to Paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

30.   In response to Paragraph 30 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 5 -
DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

31.   In response to Paragraph 31 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

32.   In response to Paragraph 32 of the Complaint, Defendant reasserts and incorporates the responses in Paragraphs 1 through 31 of this Answer as if fully set forth herein.

33.   In response to Paragraph 33 of the Complaint, Defendant states that California Civil Code § 54(a) speaks for itself.

34.   In response to Paragraph 34 of the Complaint, Defendant states that California Civil Code § 54(a) (1) speaks for itself.

35.   In response to Paragraph 35 of the Complaint, Defendant states that California Civil Code § 54.1 speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

36.   In response to Paragraph 36 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs were denied access to Defendant's facilities. Defendant denies the remaining allegations.

37.   In response to Paragraph 37 of the Complaint, Defendant states that California Civil Code § 55 speaks for itself.

38.   In response to Paragraph 38 of the Complaint, Defendant states that California Civil Code § 54.3(a) speaks for itself.

39.   In response to Paragraph 39 of the Complaint, Defendant denies the allegations.

40.   In response to Paragraph 40 of the Complaint, Defendant denies that it "intended to violate, or interfered (sic) with" Plaintiffs rights to visit Defendant's facilities. Defendant denies the remaining allegations.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 6 -
DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

41.    In response to Paragraph 41 of the Complaint, Defendant denies the allegations.

42.    In response to Paragraph 42 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

43    In response to Paragraph 43 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

44.    In response to Paragraph 44 of the Complaint, Defendant denies the allegations.

45.    In response to Paragraph 45 of the Complaint, Defendant reasserts and incorporates the responses in Paragraphs 1 through 44 of this Answer as if fully set forth herein.

46.    In response to Paragraph 46 of the Complaint, Defendant states that the Unruh Civil Rights Act speaks for itself.

47.    In response to Paragraph 47 of the Complaint, Defendant states that the Unruh Civil Rights Act speaks for itself.

48.    In response to Paragraph 48 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs were denied services in a business establishment.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

49.    In response to Paragraph 49 of the Complaint, Defendant states that California Civil Code § 52 speaks for itself.

50.    In response to Paragraph 50 of the Complaint, Defendant states that the Unruh Civil Rights Act speaks for itself.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and, on that basis, denies the remaining allegations.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

51.    In response to Paragraph 51 of the Complaint, Defendant denies that it "intended to violate, or interfered (sic) with" Plaintiffs rights to visit Defendant's facilities. Defendant denies the remaining allegations.

52.    In response to Paragraph 52 of the Complaint, Defendant denies the allegations.

53.    In response to Paragraph 53 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

54.    In response to Paragraph 54 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

55.    In response to Paragraph 55 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

56.    In response to Paragraph 56 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

57.    In response to Paragraph 57 of the Complaint, Defendant reasserts and incorporates the responses in Paragraphs 1 through 56 of this Answer as if fully set forth herein.

58.    In response to Paragraph 58 of the Complaint, Defendant states that the Health and Safety Code speaks for itself.

59.    In response to Paragraph 59 of the Complaint, Defendant states that the Health and Safety Code speaks for itself.

60.    In response to Paragraph 60 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 8 -
DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

61.    In response to Paragraph 61 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

62.    In response to Paragraph 62 of the Complaint, Defendant admits that it owns and operates facilities that are public facilities within the meaning of the Health and Safety Code. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

63.    In response to Paragraph 63 of the Complaint, Defendant denies that it caused any construction, alterations or maintenance that would deny Plaintiffs access to Defendant's facilities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

64.    In response to Paragraph 64 of the Complaint, Defendant denies that it would deny Plaintiffs access to Defendant's facilities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

65.    In response to Paragraph 65 of the Complaint, Defendant states that the Health and Safety Code speaks for itself.

66.    In response to Paragraph 66 of the complaint, Defendant denies the allegations.

67.    In response to Paragraph 67 of the complaint, Defendant denies the allegations.

68.    In response to Paragraph 68 of the complaint, Defendant denies the allegations.

69.    In response to Paragraph 69 of the Complaint, Defendant reasserts and incorporates the responses in Paragraphs 1 through 68 of this Answer as if fully set forth herein

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 9 -

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT

06-cv-05504-SBA

70.    In response to Paragraph 70 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

71.    In response to Paragraph 71 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

72.    In response to Paragraph 72 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

73.    In response to Paragraph 73 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

74.    In response to Paragraph 74 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

75.    In response to Paragraph 75 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

76.    In response to Paragraph 76 of the Complaint, Defendant denies that it failed to take steps to comply with statutes.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

77.    In response to Paragraph 77 of the complaint, Defendant denies the allegations.

78.    In response to Paragraph 78 of the Complaint, Defendant denies that it refused to comply with obligations to make Defendant's facilities accessible. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 10 -

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT

06-cv-05504-SBA

79.   In response to Paragraph 79 of the complaint, Defendant denies the allegations.

80.   In response to Paragraph 80 of the complaint, Defendant denies the allegations.

81.   In response to Paragraph 81 of the Complaint, Defendant denies that it refused to correct access problems.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations.

82.   In response to Paragraph 82 of the complaint, Defendant denies the allegations.

83.   In response to Paragraph 83 of the complaint, Defendant denies the allegations.

84.   In response to Paragraph 84 of the complaint, Defendant denies the allegations.

## DEFENDANT SHURGARD STORAGE CENTERS, LLC'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendant asserts that California's Title 24 does not apply to this answering Defendant because the facility was built and/or modified prior to the date the Title 24 was enacted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Defendant asserts that Plaintiffs have acted with "unclean hands" and such actions are directly related to the claims by Plaintiffs in the Complaint and precludes Plaintiffs from pursuing the claims in the Complaint. Therefore, Plaintiffs are barred from seeking relief by the Doctrine of Unclean Hands.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Defendant asserts that at all times mentioned in the Complaint, the Plaintiffs so carelessly, recklessly and negligently conducted and maintained themselves so as to cause and contribute in some way to the damages, if any, alleged to have been sustained by Plaintiffs.  Therefore, Plaintiffs' recovery herein as to any damage and injuries suffered by Plaintiffs, if any, shall be diminished to the extent that such injury or damages were proximately caused by the negligence or intentional conduct of Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth herein, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action as against Defendant for the reason that the same appears to be barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth therein, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth and separate affirmative defense to the Complaint filed herein, if Plaintiffs suffered or sustained any loss, damage, or injury as alleged by the Complaint, such loss, damage, or injury was proximately caused and contributed to by Plaintiffs' failure to conduct themselves in a manner ordinarily expected of prudent persons.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 12 -

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT

06-cv-05504-SBA

1   Plaintiffs' recovery herein is diminished to the extent that Plaintiffs' damages, if any,
2   are attributable to Plaintiffs' own negligence.

3

4   **<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

5   As a seventh and separate affirmative defense to the Complaint filed herein, and
6   to each alleged cause of action set forth therein, this answering Defendant alleges that in
7   the event this answering Defendant is found to be negligent (which supposition is
8   denied and merely stated for the purpose of this affirmative defense), this answering
9   Defendant's liability for non-economic damages is to be reduced to reflect its actual
10  percentage of fault, and a separate judgment shall be rendered against the answering
11  Defendant for that amount.

12

13  **<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

14  As an eighth and separate affirmative defense to the Complaint filed herein, and
15  to each alleged cause of action set forth therein, this answering Defendant alleges that
16  the damages, injuries or condition which form the basis for this lawsuit, may be the
17  result of a natural disease or condition, or may be the expected result of reasonable
18  treatment, and that the answering Defendant is not liable to Plaintiffs for such damages,
19  injuries or condition.

20

21  **<u>NINTH AFFIRMATIVE DEFENSE</u>**

22  As an ninth affirmative defense, the answering Defendant believes and based
23  upon such information and belief alleges that Plaintiffs have failed to give any notice to
24  Defendant, prior to filing suit, that they considered Defendant's premises to be out of
25  compliance with State and Federal law.  Therefore, their Complaint is barred.

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 13 -
DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

### TENTH AFFIRMATIVE DEFENSE

As an tenth affirmative defense, the answering Defendant believes and based upon such information and belief alleges that Plaintiff has failed to exhaust his administrative remedies prior to filing suit and, therefore, his Complaint is barred.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, the answering Defendant believes and based upon such information alleges that Plaintiffs are estopped from seeking the relief herein due to their own acts and/or omissions with reference to the subject matter of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, the answering Defendant believes and based upon such information and belief allege that Plaintiffs have waived their alleged right to seek the relief herein due to their own acts and/or omissions with reference to the subject matter of the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, the answering Defendant believes and based upon such information and belief alleges that Plaintiffs were not deterred from visiting Defendant's premises.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violation of the Americans with Disabilities Act of 1990 (49 USC §12101, et seq.).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 14 -
DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violation of the California Civil Code, including, but not limited to §51.

## SIXTEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because to the extent architectural barriers alleged by Plaintiffs exist (which supposition is denied and merely stated for the purpose of this additional defense), the modification of such barriers is not readily achievable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because Defendant offered reasonable accommodations to Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damage or injury either as alleged in the Complaint, or at all, the same was directly and proximately cause and/or contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and damages of Plaintiffs, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

## NINETEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because to the extent architectural barriers alleged by Plaintiffs exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is structurally impractical.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 15 -
DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

1

## TWENTIETH AFFIRMATIVE DEFENSE

2   All of Plaintiffs' claims are barred because to the extent architectural barriers

3   alleged by Plaintiffs exist (which supposition is denied and merely stated for the

4   purpose of this additional defense), the removal of such barriers is technically

5   infeasible.

6

7

## TWENTY-FIRST AFFIRMATIVE DEFENSE

8   All of Plaintiffs' claims are barred because to the extent architectural barriers

9   alleged by Plaintiffs exist (which supposition is denied and merely stated for the

10   purpose of this additional defense), the removal of such barriers is virtually impossible.

11

12

## TWENTY-SECOND AFFIRMATIVE DEFENSE

13   All of Plaintiffs' claims are barred because to the extent architectural barriers

14   alleged by Plaintiffs exist (which supposition is denied and merely stated for the

15   purpose of this additional defense), the removal of such barriers would result in an

16   undue burden on Defendants.

17

18

## TWENTY-THIRD AFFIRMATIVE DEFENSE

19   All of Plaintiffs' claims are barred because all architectural barriers alleged by

20   Plaintiffs do not exist and/or fall within "conventional building industry tolerances" or

21   "dimensional tolerances."

22

23

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24   All of Plaintiffs' claims are barred because Defendants provided equivalent

25   facilitation at the premises.

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 16 -

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT

06-cv-05504-SBA

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

All of Plaintiffs claims are barred because Defendant's compliance with state and federal disabled access laws would constitute a direct threat to health and safety of others.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because Plaintiffs assumed the risk of visiting Defendant's premises.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because any discrimination Plaintiffs suffered at Defendant's premises (which supposition is denied and merely stated for the purpose of this additional defense) resulted from isolated or temporary (or both) interruptions in the facilities' goods and services.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because Plaintiffs failed to request reasonable accommodations or modifications to Defendants' premises.

## THIRTIETH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because they are unconstitutional.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

All of Plaintiffs' causes of action are barred because Plaintiffs suffered no damages as a result of the alleged conduct.

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2   All of Plaintiffs' causes of action are barred because Plaintiffs' allegations are too

3   speculative to demonstrate standing under Article III.

4

5

## THIRTY-THIRD AFFIRMATIVE DEFENSE

6   Plaintiffs' causes of action with respect to facilities they have never visited are

7   barred for lack of standing under the ADA and California disability statutes.

8

9

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

10   All of Plaintiffs' causes of action are barred because Plaintiffs lack standing to

11   sue under the ADA and California disability statutes.

12

13

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

14   Plaintiffs may not mention this lawsuit as a class action because the requirements

15   of Federal Rule of Civil Procedures Section 23 are not met.

16

17

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

18   Defendant presently has insufficient knowledge or information upon which to

19   form a belief as to whether it may have additional affirmative defenses available.

20   Defendant reserves the right to assert additional affirmative defenses in the event

21   discovery or further analysis indicates that additional, unknown or unstated affirmative

22   defenses would be applicable.

23

24   WHEREFORE, this answering Defendant prays judgment as follows:

25   1.   That Plaintiffs take nothing by way of this Complaint;

26   2.   That Judgment be rendered in favor of Defendant and against Plaintiffs and

27      that the Complaint be dismissed with prejudice;

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 18 -

DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT
06-cv-05504-SBA

3.    That Defendant be awarded its costs of suit incurred in the defense of this action;

4.    That Defendant be awarded its attorneys' fees incurred in the defense of this action; and

5.    For such other relief as the Court deems proper.

## DEMAND FOR JURY

Defendant Shurgard Storage Centers, LLC hereby demands a jury pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiffs.


Dated:  September 14, 2006                    CALL, JENSEN & FERRELL
                                              A Professional Corporation
                                              SCOTT J. FERRELL
                                              JOHN C. O'MALLEY


                                              By: _____
                                                  John C. O'Malley
                                              Attorneys for Defendant Shurgard Storage
                                              Centers, LLC

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On September 14, 2006, I served the foregoing documents described as **DEFENDANT SHURGARD STORAGE CENTERS, LLC'S ANSWER TO COMPLAINT** on the following person(s) in the manner indicated:

### SEE ATTACHED SERVICE LIST

[ X ] (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FEDEX) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ X ] (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 14, 2006, at Newport Beach, California.

Katherine L. Mosby

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1

## SERVICE LIST

2

Charla R. Duke, Esq.                              **Attorney for Plaintiffs**

3

Law Offices of Charla R. Duke
360 Grand Avenue, Suite 150

4

Oakland, CA 94610
Tel:  (510) 839-5453

5

Fax No.:  (510) 839-0343

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION